UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Robert James Harper,

    Defendant.
_____/

Case No. 21-cr-20637

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND BOND CONDITIONS (ECF NO. 19)**

### I.  INTRODUCTION

On November 9, 2021, Defendant Robert Harper pled guilty to one-count of conspiracy to possess with intent to distribute at least 40 grams of a mixture containing a detectable amount of fentanyl, as alleged in the Information[1] (ECF No. 12). His sentencing is currently scheduled for March 16, 2022. ECF No. 26. Harper

---

[1] On October 14, 2021, Harper filed a waiver of his right to an indictment returned by a grand jury pursuant to Federal Rule of Criminal Procedure 7(b), which was docketed on November 9, 2021. ECF No. 17.

1

has been out of custody on bond and subject to several conditions, including location monitoring, since his initial appearance on June 25, 2021. *See* ECF Nos. 7, 8.

Presently before the Court is Harper's Motion to Amend Bond Conditions, filed on January 5, 2022. ECF No. 19. The Motion is fully briefed, and the Court held a hearing on the matter on March 16, 2022. For the following reasons, the Court will **GRANT** the Motion.

## II. BACKGROUND

### A. Factual Background

As alleged in the Criminal Complaint sworn before Magistrate Judge Curtis Ivy: on June 23, 2021, detectives from the Michigan State Police observed Harper board a Greyhound Bus at the station in Detroit, Michigan. ECF No. 1, PageID.3. Though the bus was headed out of state (first to Ohio and ultimately to New York), Harper did not have any luggage, which the detectives found suspicious. *Id*. Earlier that day, the detectives had observed Harper purchase a ticket and then leave the station to sit in a rental car with another man. *Id*. The detectives boarded the bus and began speaking with Harper about his stay in Detroit and the purpose of his current trip. *Id.* at PageID.4. The detectives thought Harper appeared nervous; moreover, when pulling his bus ticket out of his pocket to show the detectives, Harper inadvertently pulled out an empty baggie "that would typically contain

2

marijuana." *Id*. at PageID.4-5. Furthermore, the name on Harper's bus ticket did not match that on his identification card, he had two phones, and he downplayed his criminal history when asked if he had been arrested. *Id.* at PageID.5. Thus, the detectives asked Harper to deboard the bus so they could speak to him further, and ultimately received permission to search Harper's person. *Id.* at PageID.6. The detective conducting the search felt "a large hard object approximately the size of a tennis ball" in Harper's buttocks area. *Id*. Harper attempted to flee but was detained. *Id*. Eventually Harper removed the item, which turned out to be "a baggie containing approximately 73 grams of suspected Fentanyl." *Id.* at PageID.7.

### B. Procedural Background

On June 25, 2021 a Criminal Complaint sworn before Magistrate Judge Curtis Ivy, Jr. alleged probable cause existed to believe that Harper had violated 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Controlled Substances. ECF No. 1. During his initial appearance that same day, Magistrate Judge Ivy released Harper on an unsecured $10,000 bond (ECF No. 8) and set several conditions of release, including location monitoring (ECF No. 7).

An information was filed on October 13, 2021 charging Harper with one count of conspiracy to possess with intent to distribute at least 40 grams of a mixture containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1)

3

and (b)(1)(B) and bringing forfeiture allegations. ECF No. 12. Harper appeared for arraignment on November 9. 2021 before Magistrate Judge Anthony P. Patti, where he entered a not guilty plea, and his bond was continued. Later that same day, however, Harper appeared before this Court and entered a guilty plea to Count I of the Information without the benefit of a Rule 11 Plea Agreement. The Court accepted Harper's plea and continued his bond.

Harper resides in Akron, Ohio and is supervised by the United States Pretrial Services Agency for the Northern District of Ohio. Records from that agency indicate he has complied with all conditions of his release, remained employed, and not had any positive drug tests.

Harper filed the instant Motion on January 5, 2022. ECF No. 19. He "seeks to have the location monitoring conditions removed and/or modified because the conditions are greater than necessary to achieve the objectives of ensuring this Defendant's appearance and addressing any danger he presents to the community . . . given Mr. Harper's history while on bond. *Id.* at PageID.47. Harper is employed at a hotel and permitted to use its swimming pool. *Id*. He "would like to be able to

4

be in the pool with his fiancée's[2] grandchildren something he cannot do with an electronic tether."[3] *Id*.

The Government opposes Harper's Motion, arguing "Harper fails to demonstrate that GPS location monitoring is unwarranted, particularly now that he has been convicted and will be sentenced to at least five years' imprisonment." ECF No. 20, PageID.49-50. Specifically, the Government asserts Harper has prior convictions for felony drug offenses and two outstanding warrants for failure to appear in Michigan. *Id.* at PageID.50-51. Moreover, the Government contends "GPS location monitoring was a crucial component" of the conditions "fashioned to minimize the concerns" caused by "Harper's residence in another state, his lack of employment, his criminal history, his attempt to resist and flee during his arrest, and the significant mandatory minimum sentence he was facing" and allow his release pending trial. *Id.* at PageID.51. The Government further avers Harper "should have been detained pending sentencing," but his bond conditions "appeared to be working

---

[2] Harper confirmed during the Motion hearing that he and his fiancée have since married.

[3] The motion also refers to a "Mr. Caraballo" requesting modification of his bond conditions, specifically curfew and location monitoring requirements, so he can run his business and better provide for his four children. ECF No. 19, PageID.47. This sentence appears to be included by mistake as Harper has not otherwise asserted his bond conditions affect his ability to work or that he has children for whom he needs to provide. Accordingly, the Court will disregard this sentence in its analysis.

5

as anticipated, so the government did not object to his remaining on bond." *Id.* at PageID.52. Finally, the Government argues "Harper's desire to be free of this condition for recreational purposes does not outweigh the concerns warranting such a well-supported condition." *Id.* at PageID.52.

Notably, Pretrial Services does not oppose Harper's request to have his electronic tether removed.

### III. LAW & ANALYSIS

Harper moves to modify his bond conditions pursuant to 18 U.S. Code § 3142(c)(3), which permits a judicial officer to "at any time amend the order to impose additional or different conditions of release."

Upon review of the matter, the Court finds there is sufficient basis to remove Harper's location monitoring. As stated *supra* and as discussed during the Motion hearing, Harper has been fully compliant while on bond since the beginning of this case. Indeed, it was that compliance that convinced the government to allow him to remain on bond despite the statutory presumption that Harper would be detained pending his sentencing. Notably, the Government does not oppose Harper remaining on bond while awaiting his surrender date, merely the removal of the electronic tether. However, the Court understands Harper's desire to enjoy his time with his family to fullest before he self-surrenders into custody, particularly as he

6

will be unable to do things such as swim with his grandchildren for the next five years. Given Harper's behavior while on bond, the Court concludes the location monitoring is no longer the "least restrictive" means to reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(c)(1)(B).

## IV. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED THAT** the Court **GRANTS** Harper's Motion to Amend Bond Conditions (ECF No. 19). Thus, Pretrial Services is **DIRECTED** to **REMOVE** the electronic tether forthwith.

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 16, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

8